# Duck's Appeal

*Harold W. Houck,* for appellant.
*John T. Wilson,* for appellee.

UTTLEY, P. J., March 5, 1937.—This is a case stated, framed upon the appeal of Charles C. Duck, sheriff, from the annual report of the Auditors of Mifflin County for the year 1935, refusing to allow him credit for $480 in the year 1934 and $480 in the year 1935, paid to attorneys for services rendered to him as sheriff and deducted from the fees collected by him during said years, and showing him to be indebted to the County of Mifflin in the sum of $914.22.

Charles C. Duck was elected Sheriff of Mifflin County in the fall of 1933, and, after being duly qualified, assumed the duties of his office on the first Monday of January 1934. He was, therefore, subject to the provisions of

the Act of March 17, 1933, P. L. 14, placing sheriffs in seventh class counties in Pennsylvania upon a salary, and the Act of June 1, 1933, P. L. 1141, fixing the fees of all sheriffs and providing that in all counties where the sheriff is compensated by a salary all fees and commissions which he shall be entitled to charge shall belong to the county.

By the Act of March 17, 1933, supra, sec. 1, 16 PS §2814, the annual salary of sheriffs in counties of the seventh class is fixed at $3,000 which "in addition to any expenses which may be incurred by such sheriff in the performance of his duties, shall be paid by the county from moneys in the county treasury." The third section of the Act of March 17, 1933, supra, makes it the duty of the sheriff to collect and receive all fees for the use of the county, keep proper accounts of the same and on the first Monday of each month pay to the treasurer of the county all fees so received during the preceding month.

The Act of June 1, 1933, supra, establishing a complete fee bill for sheriffs in all counties, in section 2 thereof provides that in all counties wherein the sheriff is compensated by a salary all fees and commissions which he shall be required or entitled to charge or receive, except as therein mentioned, shall belong to the county, and that any such sheriff shall be entitled to deduct from any fees or commissions collected by him and due the county any overdue items for his salary, compensation of his deputies, clerks or other agents, mileage or other allowances, or for any other charges or fees against the county, provided he shall furnish the county treasurer with itemized statements of such deductions and file duplicates of such statements with the county auditors together with the monthly transcripts of his fee account.

The Act of May 2, 1929, P. L. 1278, sec. 188, as amended by the Act of June 9, 1931, P. L. 401, 410, provides that in all counties of the third, fourth and fifth classes the sheriff may appoint one person learned in the law as his solicitor,

and that in counties of the fourth class such solicitor shall receive an annual salary of $500, and that in counties of the fifth class the salary of the solicitor shall be fixed by the salary board at a sum not exceeding $500, to be paid by the county. There is no specific authority for such appointment in counties of the sixth, seventh, and eighth classes. Neither does the Act of March 17, 1933, supra, placing sheriffs in counties of the seventh class upon a salary, authorize such sheriffs to appoint a solicitor. This last-mentioned act, however, does provide that such salary "in addition to any expenses which may be incurred by such sheriff in the performance of his duties", shall be paid by the county. While there is no statutory authority for sheriffs in counties of the seventh class to appoint a salaried solicitor to be paid by the county, such sheriffs are entitled under the Act of March 17, 1933, supra, to be reimbursed by the county for any expenses incurred in the performance of their duty. If, therefore, the advice, counsel and assistance of an attorney is necessary to the sheriff in counties of the seventh class in the performance of his duties and the compensation paid by him to his attorney is reasonable and fair, we can see no reason why such attorney's compensation is not an expense for which the sheriff should be reimbursed by the county.

The act of assembly providing for the appointment and fixing the salary of solicitors of the sheriff in third, fourth and fifth class counties is a clear legislative recognition that legal counsel, guidance and assistance are necessary for a sheriff and that compensation paid therefor is a necessary expense of his office. The necessity for legal counsel and services to a sheriff is a matter of which the court could take judicial notice, and it is common knowledge among those familiar with legal procedure that of all the county officers in Pennsylvania the one most in need of legal advice and counsel is the sheriff. Legal counsel and assistance are just as necessary for sheriffs in counties of the seventh class as for the sheriffs in other counties, and

the first section of the Act of March 17, 1933, supra, makes provision therefor when it directs that any expenses which shall be incurred by the sheriff in each county of the seventh class shall be paid by the county. The only difference is that in counties of the fourth and fifth classes the solicitor of the sheriff is to be paid by a fixed salary, while in counties of the seventh class when legal counsel and assistance for the sheriff are necessary, and the credit claimed therefor is reasonable, the amount paid for such service is a necessary expense of the sheriff to be paid as such by the county. Furthermore, the clear intention of the above act of assembly was to provide a salary of $3,000 for sheriffs in seventh class counties in lieu of all fees theretofore collected and returned by them. In this act all fees are declared to be for the use of the county and directed to be paid by the sheriff into the county treasury. His sole compensation is to be the salary mentioned in the act of assembly but, in order that he shall receive that salary, it is provided that all expenses incurred by him in the performance of his duties shall be paid by the county. As the compensation paid by him to his counsel is an item of expense, he is entitled to be reimbursed therefor if he is to enjoy the full salary mentioned in the law. It will be observed also that the salary mentioned in the act, to be paid to the sheriffs in counties of the seventh class, is a flat salary and not dependent on the amount of fees collected by the sheriff and returned to the county treasury. The salary remains the same regardless of the amount of fees collected. It is, therefore, vital to the interests of the county that the sheriff should be properly advised as to the amount of fees and commissions that can be charged and the proper return thereof to the court, to the end that all the fees and commissions that are allowed by law should be collected for the use of the county.

Of course, any amounts paid by the sheriff for legal counsel and guidance should be returned properly verified in the manner provided by law and classified as items of

expense, and the necessity and the extent thereof must be subject to the approval of the county commissioners. This all appears, however, from the case stated. The services here embrace not only the advice and counsel of an attorney, but include also a large amount of clerical and typographical work. It is admitted also that the services in question were necessary and that the amount paid therefor by the sheriff was reasonable. Practically, therefore, the only question for our consideration is whether a reasonable amount paid by a sheriff in a seventh class county for the necessary legal and clerical services of an attorney is a proper item of expense to be paid by the county. For the reasons hereinbefore set forth we are of the opinion that it is.

It is contended, however, that, even if the compensation paid counsel by the sheriff in a seventh class county is a necessary and reasonable expense, the sheriff has no right to deduct the same from the fees and commissions collected by him. The third section of the Act of March 17, 1933, supra, makes it the duty of the sheriff to collect and receive all fees for the use of the county and on the first Monday of each and every month to pay to the treasurer of the county all fees so collected during the preceding month. No provision is made in this act for the deduction by the sheriff of his expenses from the fees collected. In the later act passed by the same legislature, on June 1, 1933, above mentioned, however, the sheriff is authorized to deduct from the fees and commissions collected by him, and due the county, any overdue items for his salary, compensation of deputies, clerks or other agents, mileage or other allowances, or for any other charges against the county, provided he shall furnish the county treasurer with itemized statements of such deductions and file duplicates of such statements with the county auditors together with the monthly transcripts of his fee account. From the case stated it appears that the sheriff has fully complied with the above provision. Reading these two acts of assembly, which were passed at the same session of the

legislature, together, we can only conclude that the plain intention of the legislature was to allow the sheriff in all counties of the State to deduct any overdue items of expense from the amount of fees and commissions collected by him and reported to the county treasurer with his monthly remittances.

Whether the items for counsel fees deducted by the sheriff in the case at bar were overdue need not concern us here. They are all long overdue now and were long overdue when the county auditors audited the accounts of the sheriff and made their report. As the right of deduction given to the sheriff by the second section of the Act of June 1, 1933, supra, is confined to overdue items of expense and there may, therefore, be some uncertainty and confusion as to when items of expense could be considered to be overdue and the right of deduction invoked, it would be well for the county commissioners and the sheriff to adopt a system of handling these matters which will conform to the provisions of the last-mentioned act.

We would suggest, therefore, that the proper practice, under the two acts of assembly above considered, will be for the sheriff to pay all the fees collected by him into the county treasury on the first Monday of each month in accordance with the third section of the Act of March 17, 1933, and also present monthly his verified bills for expenses, including the compensation of attorneys, to the county commissioners, who should thereupon draw an order therefor at the same time they draw the order for his monthly salary. If for any reason the sheriff's expenses are not paid when his bill is presented and become overdue items under section 2 of the Act of June 1, 1933, supra, then the right of deduction provided in the second section of the said act may be invoked by the sheriff.

We are of the opinion, therefore, that the within appeal should be sustained and judgment entered upon the within case stated in favor of Charles C. Duck, Sheriff of Mifflin County, appellant.

## Decree

Now, March 5, 1937, after due consideration, the appeal of Charles C. Duck, Sheriff of Mifflin County, from the report of the county auditors for the year 1935, is sustained, and judgment is hereby entered on the within case stated in favor of Charles C. Duck, Sheriff of Mifflin County, appellant, and credit is hereby allowed said Charles C. Duck, sheriff, for the sum of $960, paid for necessary legal advice and services during the years 1934 and 1935, his fee account with the County of Mifflin for said years balanced, and the surcharge of $914.22 against him, in the county auditor's report for the year 1935, canceled. To this opinion and decree John T. Wilson, Esq., Solicitor for the County of Mifflin, excepts, and a bill of exceptions is hereby sealed for the county.

From Robert Stuckenrath, Lewistown.